IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RICKY GIDDENS and LYDIA GIDDENS, | : : | |
| Plaintiffs, | : : | CASE NO. 7:15-CV-99-CDL-MSH |
| VS. | : : | |
| HUGH LAWSON, *et al.*, | : : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are several motions to dismiss: Defendants Brooks County Board of Commissioners, Carroll, Dewey, and Miller's motion to dismiss (ECF No. 52); Defendant Hannan's motion to dismiss (ECF Nos. 54, 55); Defendant Haugabrook's motion to dismiss (ECF No. 57); Defendants Georgia Bureau of Investigation ("GBI"), Baker, and Luke's motion to dismiss (ECF No. 68); Defendants Lawson, Sands, Langstaff, Holder, Moore, Schieber, McEwen, Davis, and Ross' motion to dismiss (ECF No. 80); and Defendants Quitman, Georgia, Herring, Ross, and Williams' motion to dismiss (ECF No. 82). Also pending before the Court are Plaintiffs' motions to strike (ECF Nos. 62, 85), motion for default judgment (ECF No. 64), and motion to amend (ECF No. 72). Plaintiffs' motion to amend is granted. Plaintiffs' motion for default judgment and motions to strike are denied. For the reasons explained below, it is recommended that Defendants' motions to dismiss each be granted.

## BACKGROUND

The present action arises from a September 30, 2009 warrant and October 1, 2009 search of Plaintiffs' home and the resulting September 30, 2010 indictment for possession of marijuana with intent to distribute, possession of cocaine base, possession of firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. Compl. 9, 14, ECF No. 1. Rickey Giddens entered into a plea agreement on January 7, 2011—pleading guilty to possession of marijuana with intent to distribute and possession of cocaine base. *Id.* at 9. He was sentenced on May 31, 2011. *Id.* All charges were dropped against Plaintiff Lydia Giddens. *Id.*

Plaintiffs filed this Complaint on June 9, 2015 pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). They assert a variety of claims: breach of duty by counsel, ineffective assistance of counsel, unlawful search, failure to supervise and train, negligence, fraud, violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments, violation of equal protection rights, and unlawful sentencing. *See generally* Compl. 10-28.

Defendants contend that Plaintiffs' claims are time-barred and that Plaintiffs' claims should be dismissed on numerous other substantive and procedural grounds, discussed *infra*. Defendants Brooks County Board of Commissioners, Carroll, Dewey, and Miller (the "Brooks County defendants") filed their motion to dismiss on August 29, 2016 (ECF No. 52). Defendant Hannan filed his answer of August 29, 2016 (ECF No. 53) and concurrently filed a motion to dismiss (ECF Nos. 54, 55). Defendant Haugabrook filed an answer on August 29, 2016 (ECF No. 60) and concurrently filed a motion to

dismiss (ECF No. 57). Defendants Quitman, Georgia, Herring, Ross, and Williams (the "Quitman defendants") filed an answer on September 6, 2016 (ECF No. 66) and their motion to dismiss on October 20, 2016 (ECF No. 82). Defendants GBI, Baker, and Luke (the "GBI defendants") filed their motion to dismiss on September 9, 2016 (ECF No. 68). Defendants Lawson, Sands, Langstaff, Holder, Moore, Schieber, McEwen, Davis, and Ross (the "federal defendants") filed their motion to dismiss on October 19, 2016 (ECF No. 80).

## DISCUSSION

I.  **Defendants' Motions to Dismiss**

   A.   Statute of Limitation

The Defendants all assert that Plaintiffs claims are time-barred. The two-year statute of limitations for personal injury under Georgia law applies to *Bivens* claims. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996); *see also Bloodworth v. United States*, 623 F. App'x 976, 978 (11th Cir. 2015)("For *Bivens* actions brought in Georgia, the statute of limitations is two years."); O.C.G.A. § 9-3-33.

Plaintiffs' claims against the Brooks County and Quitman defendants relate to the search warrant issued on September 30, 2009 and the resulting search on October 1, 2009. Compl. 1-6, 15, 19-20, Defs.' Br. in Supp. 4, ECF No. 52-1, Defs.' Br. in Supp. 8, ECF No. 82-1. The claims against the GBI defendants arise from the investigation of the Giddens' alleged crimes; the investigation and use of the resulting evidence occurred in 2009 and 2010. Compl. 17-18, Defs.' Br. in Supp. 10, ECF No. 68-1. Plaintiffs also bring claims against their retained counsel—Defendant Hannans and Haugabrook. Their

3

representation of the Giddens ended by November 2011. Def.'s Br. in Supp. 11; ECF No. 55; Def.'s Br. in Supp. 23; ECF No. 57.

Finally, Plaintiffs assert claims against three groups of federal defendants involved in the prosecution and adjudication of Plaintiffs' charges. Plaintiffs allege: that Judge Sands applied incorrect legal standards and failed to sufficiently notify Mr. Giddens of the charges against him at Mr. Giddens' plea hearing on January 7, 2011; that Judge Lawson improperly sentenced Mr. Giddens' on May 31, 2011 and improperly ruled on Mr. Giddens' § 2255 motion on December 19, 2012; and that Judge Langstaff improperly considered Mr. Giddens' § 2255 motion in a Report and Recommendation entered on November 28, 2012. Compl. 24, 25; Defs.' Br. in Supp. 15, ECF No. 80-1. The allegations against the federal prosecutorial defendants relate to advocacy and filings between September 30, 2010 and October 23, 2012. Compl. 26-27, Defs.' Br. in Supp. 16, ECF No. 80-1. Plaintiffs' claims against the Federal Probation Officers relate to the preparation of the presentence report, filed on April 1, 2011. Compl. 29, Defs.' Br. in Supp. 16, ECF No. 80-1.

This action was not filed until June 9, 2015—well past the two-year limitations period for any of the actions complained of above. *See id.* at 1. The Court thus notes that regardless of the application of immunity or any additional grounds for dismissal, dismissal of all claims as time-barred is recommended.

B.     Absolute Immunity

The federal defendants move to dismiss asserting that they are absolutely immune from suit. Defs.' Br. in Supp. 4-12, ECF No. 80-1. These defendants fall into three

different categories—judges, prosecutors, and probation officers—each of which enjoy absolute immunity. The Court agrees and recommends dismissal of the federal defendants.

The doctrine of judicial immunity is a long-held tenet of the American judicial system, thought to be in the best interests of "the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman,* 435 U.S. 349, 363 (citations omitted). It is axiomatic that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts[.]" *Id.* at 355-56 (1978)(citations omitted). Judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). In other words, judges are entitled to absolute judicial immunity for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Stump*, 435 U.S. at 356–57; *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005)(internal quotation mark and citation omitted); *Simmons v. Conger,* 86 F.3d 1080, 1084–85 (11th Cir. 1996). Disagreement with the action taken by a judge does not justify a waiver of this immunity. *Stump*, 435 U.S. at 363.

Similarly, prosecutors are entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. *Bolin*, 225 F.3d at 1242. The Eleventh Circuit has emphasized that "[a] prosecutor enjoys absolute immunity from

allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)(citations omitted). "Prosecutorial immunity is not limited solely to prosecutors. Probation officers are entitled to absolute immunity for the preparation and submission of a presentence report in a criminal case because the 'report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court.'" *Id.* at 1296.

Plaintiffs' claims against the federal defendants arise out of actions taken by the defendants during the prosecution of Plaintiffs' case in federal court. Defendants Lawson, Sands, and Langstaff—all federal judges—are thus entitled to absolute judicial immunity. Plaintiffs' claims against Defendants Holder, Moore[1], Schieber, McEwen, Davis and Ross are likewise barred by the absolute prosecutorial immunity extended to such government attorneys and probation officers. It is thus recommended that the federal defendants' motion to dismiss (ECF No. 80) be granted.

C.   Non-federal defendants

Plaintiffs' bring this action as a *Bivens* claim, but the Brooks County, Quitman, and GBI defendants aver that a *Bivens* claim is improper against non-federal actors. In order to maintain an action under *Bivens*, a plaintiff must show that: (1) a constitutional right was violated by a federal employee; (2) the employee is sued in his or her individual capacity; and (3) no alternative way exists to seek relief for the constitutional violation. *Bivens* 403 U.S. at 390-97. A *Bivens* suit challenges the constitutionality of the actions of

---

[1] Defendant Ellen Moore is deceased. Plaintiffs moved to withdraw their claims against Defendant Moore in open court at a hearing held on November 10, 2016. Min. Entry, ECF No. 89. That oral motion was granted and all claims against Defendant Moore are dismissed. *Id.*

federal officials. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). In contrast, to challenge the constitutionality of the actions of state officials, an action is properly filed as a § 1983 suit. *Id.*

The Georgia Bureau of Investigation is a state agency, and Kim Baker and Stripling Luke are GBI Special Agents. Defs.' Br. in Supp. 1, 10, ECF No. 68-12. None of these defendants can be construed as a "federal employee." Plaintiffs thus cannot meet the requisite showing to sustain a *Bivens* action against Defendants GBI, Baker, or Luke.[2]

A *Bivens* action is also improper against the Brooks County defendants.[3] Mike Dewey is the Sheriff of Brooks County, and Jerry Miller is an investigator with the Brooks County Sheriff's Office. Defs.' Mot. to Dismiss 1, ECF No. 52. Plaintiffs cannot demonstrate that a *Bivens* action can be sustained against these defendants, as they were not "federal employees."

Finally, Plaintiffs cannot demonstrate that the Quitman defendants are proper subjects of a *Bivens* claim. Defendant Danny Herring is the former City Manager for the City of Quitman, Defendant Wesley Ross is the Chief of Police for the City of Quitman, and Defendant Keith Williams is a Lieutenant in the City of Quitman Police Department.

---

[2] The Court notes that even if it were to construe Plaintiffs' claim as a § 1983 lawsuit, such lawsuit would also be time-barred as to all defendants. *See Reynolds v. Murray*, 170 Fed. App'x 49, 50 (11th Cir. 2006)(holding the Georgia general personal injury two-year statutory limitation period applies to § 1983 actions).

[3] Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs' motion to amend (ECF No. 72) is granted. Plaintiffs seek to amend their Complaint "to supplement Brooks County, Georgia in place of Defendant Board [o]f Commissioners and Wayne Carroll as the real party who is subject to be sued." Pls.' Mot. to Amend 2, ECF No. 72. Defendants Wayne Carroll and the Brooks County Board of Commissioners are voluntarily withdrawn and Brooks County, Georgia is added as a defendant. This Court recommends any and all claims against Brooks County, Georgia be similarly dismissed for the jurisdictional bars discussed herein.

Defs.' Mot. to Dismiss 1, ECF No. 82. None of these Defendants—to include the City of Quitman—is a "federal employee." Consequentially, this Court recommends that these defendants' motions to dismiss (ECF Nos. 52, 68, 82) be granted.

### D. Private Attorneys

Defendants Hannan and Haugabrook likewise argue that a *Bivens* action cannot lie against them. Def.'s Br. in Supp. 3, ECF No. 55; Def.'s Br. in Supp. 6, ECF No. 57. The Court agrees. Defendants Hannan and Haugabrook are private attorneys; they are not federal employees. *Id.* at 20-22; Def. Hannan's Br. in Supp. 8-10, ECF No. 55. A *Bivens* action cannot lie against these Defendants and this Court thus recommends granting their motions to dismiss (ECF Nos. 54, 57).

## II. Plaintiffs' Pending Motions

### A. Plaintiffs' Motion to Strike for Violation of Local Rule 7.4

Plaintiffs filed a motion to strike (ECF No. 62) a portion of Defendant Haugabrook's motion to dismiss (ECF No. 57). Plaintiffs argue that Defendant Haugabrook violated Middle District Local Rule 7.4. The rule reads, in full:

Except upon good cause shown and leave given by the court, all briefs in support of a motion or in response to a motion are limited in length to twenty (20) pages; the movant's reply brief may not exceed ten (10) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing the brief and by specifying the number of pages requested.

M.D. Ga. Civ. R. 7.4.

Defendant Haugabrook filed a 30 page document on August 29, 2016. That document included a two-page motion and a twenty-eight page brief in support. Defendant Haugabrook did not respond to Plaintiffs' motion to strike (ECF No. 62). The

Court notes that Defendant Haugabrook exceeded the page limit by eight pages, not ten pages as asserted by Plaintiffs.

There is precedent in the Middle District for considering excess pages but admonishing the offender to comply with M.D. Ga. Civ. R. 7.4 in future filings. *See, e.g., Wood v. Archbold Med. Ctr.*, 7:07-cv-109, 2010 WL 3069126 at *2 (M.D. Ga. Aug. 3, 2010)("The Court does not believe it appropriate to strike the responses at this time. Plaintiff is cautioned, however, that the Court will not be so lenient in the future.")

Because of the jurisdictional bars to proceeding with this litigation, the Court finds it unnecessary to strike (or, alternatively, order Defendant Haugabrook to refile in compliance with the local rules). Defendant Haugabrook is admonished to comply with Middle District Local Rules in his future filings with this court.

B.   Plaintiffs' Motion to Strike as Untimely

Plaintiffs also filed a motion to strike (ECF No. 85) the Quitman Defendants' motion to dismiss as untimely. Plaintiffs argue that a motion under Federal Rules of Civil Procedure 12(b)(6) raising the defense of failure to state a claim must be made before the service of a responsive pleading. Pls.' Mot. to Strike 2, ECF No. 85. Additionally, Plaintiffs argue that Defendants' motion to dismiss is untimely because it was filed and served after the 21-day period permitted for a responsive pleading under Rule 12(a)(1)(A). *Id.* Plaintiffs and the Quitman defendants agree that an untimely 12(b) motion can be treated as a 12(c) motion. *Id.*; Defs.' Resp. 1-2, ECF No. 87.

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and

any judicially noticed facts." *Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998). "If a party uses Rule 12(c) to assert a 12(b)(6) defense . . . the Court will apply the same standards to the motion as if it were brought directly under Rule 12(b)(6)." *Sikes v. Am. Tel. & Tel. Co.*, 841 F. Supp. 1572, 1580 (S.D.Ga. 1993)(citations omitted); *see also Griffin v. Sun Trust Bank*, 157 F. Supp. 3d 1294, 1295 (N.D.Ga 2015)(" The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6)").

Plaintiffs' motion to strike (ECF No. 85) the Quitman defendants' motion to dismiss as untimely is denied. This Court construes the Quitman defendants' motion to dismiss (ECF No. 82) as a Rule 12(c) motion for judgment on the pleadings.

### C.     Plaintiffs' Motion for Default Judgment

Plaintiffs moved for a default judgment (ECF No. 64) against Defendants City of Quitman, Georgia, Wesley Ross, Danny Herring, and Keith Williams on September 6, 2016. Plaintiffs aver that defendants had until August 30 or 31, 2016 to file an answer to the Complaint; as no response had been filed as of September 6, 2016, Plaintiffs moved for a default judgment. Pls.' Mot. for Default 2, ECF No. 64. Defendants Ross, Herring, Williams, and Quitman, Georgia responded on the same day (ECF No. 65) and stated that a calendaring error—inadvertently recording a timeline based on state deadlines, rather than federal—was the cause of Defendants' delay. Defs.' Resp. 2, ECF No. 65.

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.

1993)(citations omitted). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rather, "the usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Id.* To avoid the entry of default, the defaulting party can establish mistake, inadvertence, or excusable neglect by showing that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Ehlers*, 8 F.3d at 783.

In the instant case, this Court finds that a clerical error should not prevent litigants from presenting meritorious defenses, including a statute of limitations bar to this action. Plaintiffs were not prejudiced by a seven-day delay in the filing of Defendants' Answer. Plaintiffs' motion is consequently denied.

## CONCLUSION

Plaintiffs' motion to amend (ECF No. 72) is granted. Plaintiffs' motion for default judgment and motions to strike (ECF No. 62, 64, 85) are denied. For the reasons explained above, it is recommended that Defendants' motions to dismiss (ECF Nos. 52, 54, 57, 68, 80, 82) each be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation

may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 30th day of November, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE